No. 14-1311

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LANCE MCNEAL,

    Plaintiff-Appellee,

v.

GARY KOTT, et al.,

    Defendants-Apellants,

_____/

**COUNSEL MANVILLE'S RESPONSE TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

    Appellee McNeal has filed a request for appointment of appellate counsel and normally the Clinic would not file a response to such request. However, based on the factual allegations contained in this request, and it seems Appellee McNeal has a desire to find someone to sue, even if for malpractice, this response is being filed.

    It is the position of the Clinic that Defendants' appeal is frivolous, as stated by the District Court Judge (D/E 173), and because the issue involved in this matter is of significant importance to litigation by prisoners, appellate counsel should be appointed. This Court should issue guidance to district courts that if they have certified an appeal of a claim of qualified immunity as frivolous, the district court should have the discretion to retain jurisdiction and proceed with the trial of the matter while the appeal is pending. At present, it is not clear whether district courts can retain jurisdiction and proceed with the trial under these circumstances.

As to the dispute between Mr. McNeal and the Clinic, his version is not completely accurate. Like most things in life, there is some truth to it. The Clinic was set to try the case until the district court issued a stay. The Clinic informed Mr. McNeal it was unlikely that representation would be provided for the appeal when the notice of appeal was first filed. The Clinic looked at the cases that it had, the merit of the appeal, and the impact it might have on other cases, and decided the Clinic's limited resources would best be used in other litigation. When the notice of appeal was filed, and before the district court issued it frivolous finding, the Clinic had informed Mr. McNeal it would not handle his appeal.

However, after the district court issued its frivolous finding, the Clinic informed Mr. McNeal it was interested in handling the appeal but may not handle the case on remand depending on status of the Clinic and its workload was on remand. The Clinic requested Mr. McNeal sign a retainer agreement as to the appeal. He would not sign the retainer unless the Clinic waived provisions that were in the original retainer agreement to represent him in the district court.[1] The Clinic refused. Thus, this matter is before the Court.

Finally, Mr. McNeal raised the unwillingness of the Clinic to take the deposition of a witness that "might" move out of state before this matter can be tried. Mr. McNeal has a sister that is an attorney. It was explained to him that his sister could file an appearance with the district court, file a motion to preserve the testimony of a witness, and if approved to take the deposition, the Clinic would provide her guidance and what it had prepared as to presenting that witness's testimony at trial. Instead Mr. McNeal is unhappy with the Clinic unwillingness to do what is attorney-sister is capable of doing.

---

[1] These requested waiver issues are not relevant to this discussion so they will not be mentioned.

The Clinic is willing to litigate the appeal for Mr. McNeal. However, it is not willing to waive provisions in the original retainer agreement nor is it willing to commit its future resources to litigate this matter on remand until that point is reached.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff-Appellee's motion and appoint appellate counsel.

                              Respectfully submitted,

                              /s/ Daniel E. Manville
                              Daniel E. Manville (P39731)
                              Counsel for Petitioner
                              Director, Civil Rights Clinic
                              Michigan State University College of Law
                              610 Abbot Road
                              East Lansing, MI. 48823
                              517-336-8088 (office)
                              517-336-8089 (fax)
                              daniel.manville@law.msu.edu

CERTIFICATE OF SERVCIE

I, Daniel E. Manville, under the penalty of perjury states that on April 12, 2014, I filed the above document with the court through ECF and it was served on Defendant's counsel by the Court and on Plaintiff-Appellee by US Mail.

                              /s/Daniel E. Manville
                              Daniel E. Manville